SO. CAL. EQUAL ACCESS GROUP
Jason J. Kim (SBN 190246)
Jason Yoon (SBN 306137)
101 S. Western Ave., Second Floor
Los Angeles, CA 90004
Telephone: (213) 252-8008
Facsimile: (213) 252-8009
scalequalaccess@yahoo.com

Attorneys for Plaintiff
MIGUEL SOTO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| MIGUEL SOTO,<br><br>                    Plaintiff,<br><br>         vs.<br><br>VALLEY EXCUTIVE PLAZA, LLC; and DOES 1 to 10,<br><br>                    Defendants. | **Case No.:**<br><br>COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR VIOLATION OF:<br><br>1.  AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §12131 et seq.;<br><br>2.  CALIFORNIA'S UNRUH CIVIL RIGHTS ACT, CAL CIV. CODE §§ 51 - 52 et seq.;<br><br>3.  CALIFORNIA'S DISABLED PERSONS ACT, CAL CIV. CODE §54 et seq.<br><br>4.  CALIFORNIA'S UNFAIR COMPETITION ACT, CAL BUS & PROF CODE § 17200, et seq.<br><br>5.  NEGLIGENCE |

Plaintiff MIGUEL SOTO ("Plaintiff") complains of Defendants VALLEY EXCUTIVE PLAZA, LLC; and DOES 1 to 10 ("Defendants") and alleges as follows:

//

//

//

COMPLAINT FOR DAMAGES - 1

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction of this action pursuant to 28 USC §1331 for violation of the Americans with Disabilities Act of 1990, (42 USC §12101, *et seq.*)

2.      Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operating facts, are also brought under California law, including, but not limited to, violations of California Civil Code §§51, 51.5, 52(a), 52.1, 54, 54., 54.3 and 55.

3.      Venue is proper in this court pursuant to 28 USC §1391(b).  The real property which is the subject of this action is located in this district, Los Angeles County, California, and that Plaintiff's causes of action arose in this district.

**PARTIES**

4.      Plaintiff is a California resident with a physical disability. Plaintiff suffers from multiple medical chronic conditions such as Dyslipidemia, Cerebral Vascular Accident, Hemiparesis, Hypertension, Glaucoma and Benign Prostate Hyperplasia. Plaintiff is substantially limited in his ability to walk and requires the use of a wheelchair at all times when traveling in public.

5.      Defendants are, or were at the time of the incident, the real property owners, business operators, lessors and/or lessees of the real property of a bank ("Business") located at or about 11141 Main St., El Monte, California.

6.      The true names and capacities, whether individual, corporate, associate or otherwise of Defendant DOES 1 through 10, and each of them, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will ask leave of Court to amend this Complaint when the true names and capacities have been ascertained.  Plaintiff is informed and believes and, based thereon, alleges that each such fictitiously named Defendants are responsible in some manner, and therefore, liable to Plaintiff for the acts herein alleged.

7.      Plaintiff is informed and believes, and thereon alleges that, at all relevant times, each of the Defendants was the agent, employee, or alter-ego of each of the other

1   Defendants, and/or was acting in concert with each of the other Defendants, and in doing

2   the things alleged herein was acting with the knowledge and consent of the other

3   Defendants and within the course and scope of such agency or employment relationship.

4        8.        Whenever and wherever reference is made in this Complaint to any act or

5   failure to act by a defendant or Defendants, such allegations and references shall also be

6   deemed to mean the acts and failures to act of each Defendant acting individually, jointly

7   and severally.

8                              **FACTUAL ALLEGATIONS**

9        9.        In or about August of 2020 Plaintiff went to the Business. In or about

10  September of 2020, Plaintiff returned to the Business. The Business is a bank business

11  establishment, which is open to the public, is a place of public accommodation and

12  affects commerce through its operation.

13       10.       While attempting to enter the Business during each visit, Plaintiff personally

14  encountered a number of barriers that interfered with his ability to use and enjoy the

15  goods, services, privileges, and accommodations offered at the Business.  To the extent

16  of Plaintiff's personal knowledge, the barriers at the Business included, but were not

17  limited to, the following:

18              a.      Defendant failed to maintain the parking space designated for persons

19                      with disabilities to comply with the federal and state standards.

20                      Defendants failed to provide the access aisles with level surface

21                      slopes.

22              b.      Defendant failed to maintain the parking space designated for persons

23                      with disabilities to comply with the federal and state standards.

24                      Defendants failed to provide a proper ramp for the persons with

25                      disabilities.

26              c.      Defendant failed to maintain the parking space designated for persons

27                      with disabilities to comply with the federal and state standards.

28                      Defendants failed to maintain the paint on the ground as required.

1
2
3
4

      d.    Defendants failed to maintain the parking space designated for persons with disabilities to comply with the federal and state standards.  Defendants failed to maintain the paint on the space with the International Symbol of Accessibility.

5
6
7

      e.    Defendants failed to comply with the federal and state standards for the parking space designated for persons with disabilities.  Defendants failed to post required signage such "Minimum Fine $250."

8     11.    These barriers and conditions denied Plaintiff the full and equal access to the
9 Business.  Plaintiff wishes to patronize the Business again. However, Plaintiff is deterred
10 from visiting the Business because his knowledge of these violations prevents him from
11 returning until the barriers are removed.

12     12.    Based on the violations, Plaintiff alleges, on information and belief, that
13 there are additional barriers to accessibility at the Business after further site inspection.
14 Plaintiff seeks to have all barriers related to his disability remedied.  *See Doran v. 7-*
15 *Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008).

16     13.    In addition, Plaintiff alleges, on information and belief, that Defendants
17 knew that particular barriers render the Business inaccessible, violate state and federal
18 law, and interfere with access for the physically disabled.

19     14.    At all relevant times, Defendants had and still have control and dominion
20 over the conditions at this location and had and still have the financial resources to
21 remove these barriers without much difficulty or expenses to make the Business
22 accessible to the physically disabled in compliance with ADDAG and Title 24
23 regulations.  Defendants have not removed such barriers and have not modified the
24 Business to conform to accessibility regulations.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

27     15.    Plaintiff incorporates by reference each of the allegations in all prior
28 paragraphs in this complaint.

1
2
3
4
5

6

7
8
9
10
11
12
13

14
15
16
17
18
19
20
21

22
23
24
25
26
27
28

16.     Under the Americans with Disabilities Act of 1990 ("ADA"), no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation.  *See* 42 U.S.C. § 12182(a).

17.     Discrimination, *inter alia*, includes:

a.     A failure to make reasonable modification in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.  42 U.S.C. § 12182(b)(2)(A)(ii).

b.     A failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.  42 U.S.C. § 12182(b)(2)(A)(iii).

c.     A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, and transportation barriers in existing vehicles and rail passenger cars used by an establishment for transporting individuals (not including barriers that can only be removed through the retrofitting of vehicles or rail passenger cars by the installation of a hydraulic or other lift), where such removal is readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).

d.      A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities where such alterations to the path or travel or the bathrooms, telephones, and drinking fountains serving the altered area are not disproportionate to the overall alterations in terms of cost and scope.  42 U.S.C. § 12183(a)(2).

18.      Where parking spaces are provided, accessible parking spaces shall be provided.  1991 ADA Standards § 4.1.2(5); 2010 ADA Standards § 208.  One in every eight accessible spaces, but not less than one, shall be served by an access aisle 96 in (2440 mm) wide minimum and shall be designated "van accessible."  1991 ADA Standards § 4.1.2(5)(b).  For every six or fraction of six parking spaces, at least one shall be van parking space.  2010 ADA Standards § 208.2.4.

19.      Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2%) in all directions. 1991 Standards § 4.6.2. Accessible parking spaces shall be at least 96 in (2440 mm) wide.  Parking access aisles shall be part of an accessible route to the building or facility entrance and shall comply with 4.3. Two accessible parking spaces may share a common access aisle. Parked vehicle overhangs shall not reduce the clear width of an accessible route. Parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions.  1991 Standards § 4.6.3.

20.      Here, the access aisles are not level with the parking spaces. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards § 502.4. "Access aisles are required

1 to be nearly level in all directions to provide a surface for transfer to and from vehicles."

2 2010 Standards § 502.4 Advisory. *Id.* No more than a 1:48 slope is permitted. 2010

3 Standards § 502.4.  Here, the failure to provide level parking is a violation of the law.

4         21.     The cross slope of ramp surfaces shall be no greater than 1:50. Ramp

5 surfaces shall comply with 4.5.  1991 Standards § 4.8.6.  Ramps and landings with drop-

6 offs shall have curbs, walls, railings, or projecting surfaces that prevent people from

7 slipping off the ramp. Curbs shall be a minimum of 2 in (50 mm) high. 1991 Standards §

8 4.8.7.  Outdoor ramps and their approaches shall be designed so that water will not

9 accumulate on walking surfaces.  1991 Standards § 4.8.8.  Ground and floor surfaces

10 along accessible routes and in accessible rooms and spaces including floors, walks,

11 ramps, stairs, and curb ramps, shall be stable, firm, slip-resistant, and shall comply with

12 4.5.  1991 Standards § 4.5.1.

13         22.      Here, Defendants failed to provide a compliant ramp for the access aisle.

14         23.     For the parking spaces, access aisles shall be marked with a blue painted

15 borderline around their perimeter. The area within the blue borderlines shall be marked

16 with hatched lines a maximum of 36 inches (914 mm) on center in a color contrasting

17 with that of the aisle surface, preferably blue or white.  The words "NO PARKING" shall

18 be painted on the surface within each access aisle in white letters a minimum of 12 inches

19 (305 mm) in height and located to be visible from the adjacent vehicular way.  CBC §

20 11B-502.3.3.

21         24.     Here, Defendants failed to properly maintain the access aisles as there were

22 no "NO PARKING" and faded blue lines painted on the parking surface.

23         25.     The surface of each accessible car and van space shall have surface

24 identification complying with either of the following options:  The outline of a profile

25 view of a wheel chair with occupant in white on a blue background a minimum 36" wide

26 by 36" high (914 mm x 914 mm). The centerline of the profile view shall be a maximum

27 of 6 inches (152 mm) from the centerline of the parking space, its sides parallel to the

28 length of the parking space and its lower side or corner aligned with the end of the

parking space length or by outlining or painting the parking space in blue and outlining on the ground in white or a suitable contrasting color a profile view of a wheel chair with occupant.  *See* CBC § 11B-502.6.4, *et seq.*

26.    Here, Defendants failed to maintain the International Symbol of Accessibility on the surface as required.

27.    Under the ADA, the method and color of marking are to be addressed by State or local laws or regulations.  *See* 36 C.F.R., Part 1191.  Under the California Building Code ("CBC"), the parking space identification signs shall include the International Symbol of Accessibility.  Parking identification signs shall be reflectorized with a minimum area of 70 square inches.  Additional language or an additional sign below the International Symbol of Accessibility shall state "Minimum Fine $250."  A parking space identification sign shall be permanently posted immediately adjacent and visible from each parking space, shall be located with its centerline a maximum of 12 inches from the centerline of the parking space and may be posted on a wall at the interior end of the parking space.  *See* CBC § 11B-502.6, *et seq.*

28.    Moreover, an additional sign shall be posted either in a conspicuous place at each entrance to an off-street parking facility or immediately adjacent to on-site accessible parking and visible from each parking space.  The additional sign shall not be less than 17 inches wide by 22 inches high.  The additional sign shall clearly state in letters with a minimum height of 1 inch the following: "Unauthorized vehicles parked in designated accessible spaces not displaying distinguishing placards or special license plates issued for persons with disabilities will be towed always at the owner's expense…" *See* CBC § 11B-502.8, *et seq.*

29.    Here, Defendants failed to provide signs stating "Minimum Fine $250."

30.    A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part.  28 C.F.R. 35.211(a).  By failing to

1    maintain the facility to be readily accessible and usable by Plaintiff, Defendants are in

2    violation of Plaintiff's rights under the ADA and its related regulations.

3         31.    The Business has denied and continues to deny full and equal access to

4    Plaintiff and to other people with disabilities.  Plaintiff has been and will continue to be

5    discriminated against due to the lack of accessible facilities, and therefore, seeks

6    injunctive relief to alter facilities to make such facilities readily accessible to and usable

7    by individuals with disabilities.

8    **SECOND CAUSE OF ACTION**

9    **VIOLATION OF THE UNRUH CIVIL RIGHTS ACT**

10         32.    Plaintiff incorporates by reference each of the allegations in all prior

11    paragraphs in this complaint.

12         33.    California Civil Code § 51 states, "All persons within the jurisdiction of this

13    state are free and equal, and no matter what their sex, race, color, religion, ancestry,

14    national origin, disability, medical condition, genetic information, marital status, sexual

15    orientation, citizenship, primary language, or immigration status are entitled to the full

16    and equal accommodations, advantages, facilities, privileges, or services in all business

17    establishments of every kind whatsoever."

18         34.    California Civil Code § 52 states, "Whoever denies, aids or incites a denial,

19    or make any discrimination or distinction contrary to Section 51, 515, or 51.6, is liable

20    for each and every offense for the actual damages, and any amount that may be

21    determined by a jury, or a court sitting without a jury, up to a maximum of three times the

22    amount of actual damage but in no case less than four thousand dollars ($4,000) and any

23    attorney's fees that may be determined by the court in addition thereto, suffered by any

24    person denied the rights provided in Section 51, 51.5, or 51.6.

25         35.    California Civil Code § 51(f) specifies, "a violation of the right of any

26    individual under federal Americans with Disabilities Act of 1990 (Public Law 101-336)

27    shall also constitute a violation of this section."

28

36.     The actions and omissions of Defendants alleged herein constitute a denial of full and equal accommodation, advantages, facilities, privileges, or services by physically disabled persons within the meaning of California Civil Code §§ 51 and 52. Defendants have discriminated against Plaintiff in violation of California Civil Code §§ 51 and 52.

37.     The violations of the Unruh Civil Rights Act caused Plaintiff to experience difficulty, discomfort, or embarrassment.  The Defendants are also liable for statutory damages as specified in California Civil Code §55.56(a)-(c).

**THIRD CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA DISABLED PERSONS ACT**

38.     Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

39.     California Civil Code § 54.1(a) states, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, loading places, places of public accommodations, amusement, or resort, and other places in which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

40.     California Civil Code § 54.3(a) states, "Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages, and any amount as may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damages but in no

1   case less than one thousand dollars ($1,000) and any attorney's fees that may be

2   determined by the court in addition thereto, suffered by any person denied the rights

3   provided in Section 54, 54.1, and 54.2.

4        41.   California Civil Code § 54(d) specifies, "a violation of the right of an

5   individual under Americans with Disabilities Act of 1990 (Public Law 101-336) also

6   constitute a violation of this section, and nothing in this section shall be construed to limit

7   the access of any person in violation of that act.

8        42.   The actions and omissions of Defendants alleged herein constitute a denial

9   of full and equal accommodation, advantages, and facilities by physically disabled

10  persons within the meaning of California Civil Code § 54.  Defendants have

11  discriminated against Plaintiff in violation of California Civil Code § 54.

12       43.   The violations of the California Disabled Persons Act caused Plaintiff to

13  experience difficulty, discomfort, and embarrassment.  The Defendants are also liable for

14  statutory damages as specified in California Civil Code §55.56(a)-(c).

## FOURTH CAUSE OF ACTION
## UNFAIR COMPETITION ACT

17       44.   Plaintiff incorporates by reference each of the allegations in all prior

18  paragraphs in this complaint.

19       45.   Defendants have engaged in unfair competition, unfair or fraudulent

20  business practices, and unfair, deceptive, untrue or misleading advertising in violation of

21  the Unfair Competition Act. Bus & Prof. Code §§ 17200 *et seq.*

22       46.   Defendants engage in business practices and policies that create systemic

23  barriers to full and equal access for people with disability in violation of state and federal

24  law.

25       47.   The actions and omissions of Defendants are unfair and injurious to

26  Plaintiff, a consumer of the Business' goods and services.  As a result of Defendants'

27  unfair business practice and policies, Plaintiff suffered injury in fact.  Plaintiff was not

28  provided with goods and services provided to other consumers.  Plaintiff seeks relief

necessary to prevent Defendants' continued unfair business practices and policies and restitution of any month that Defendants acquired by means of such unfair competition, including profits unfairly obtained.

## FIFTH CAUSE OF ACTION

## NEGLIGENCE

48.     Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

49.     Defendants have a general duty and a duty under the ADA, Unruh Civil Rights Act and California Disabled Persons Act to provide safe and accessible facilities to the Plaintiff.

50.     Defendants breached their duty of care by violating the provisions of ADA, Unruh Civil Rights Act and California Disabled Persons Act.

51.     As a direct and proximate result of Defendants' negligent conduct, Plaintiff has suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief and judgment against Defendants as follows:

1.     For preliminary and permanent injunction directing Defendants to comply with the Americans with Disability Act and the Unruh Civil Rights Act;

2.     Award of all appropriate damages, including but not limited to statutory damages, general damages and treble damages in amounts, according to proof;

3.     Award of all reasonable restitution for Defendants' unfair competition practices;

4.     Reasonable attorney's fees, litigation expenses, and costs of suit in this action;

5.     Prejudgment interest pursuant to California Civil Code § 3291; and

6.     Such other and further relief as the Court deems just and proper

//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  December 21, 2020                SO. CAL. EQUAL ACCESS GROUP

By:    _/s/ Jason J. Kim_____
          Jason J. Kim, Esq.
     Attorneys for Plaintiff